## MICHAEL McINERNEY v. DAVID LINDSAY AND ALBERT McKENNA.

*Bills and notes—Payment—Extension of time—Discharge of surety.*

1. Where the questions whether a note sued upon has been paid, or an accommodation maker discharged by an extension of the time of payment, depend upon conflicting testimony, they should be submitted to the jury.

2. Where, three days before the maturity of a note, the maker calls at the house of the payee, and lays the amount to become due on the note upon the table, and says that he wishes another year, and the payee tells him that he can have it, and he thereupon picks up the money and puts it in his pocket, and the payee, who has not counted the money nor had his hands upon it, passes the note to the maker, and he indorses as paid one year's interest, which he pays to the payee, who retains the note, the transaction does not amount to a pay-

ment of the note, or to a tender under circumstances requiring the payee to accept the money.

Error to St. Clair.  (Mitchell, J.)  Submitted on briefs April 25, 1893.  Decided October 27, 1893.

*Assumpsit.*  Plaintiff brings error.  Reversed.  The facts are stated in the opinion.

*Atkinson & Wolcott,* for appellant.

*Phillips & Jenks,* for defendant Lindsay.

HOOKER, C. J.  On April 29, 1886, defendant McKenna borrowed $150 from plaintiff, giving a promissory note payable one year after date, signed by David Lindsay and himself, Lindsay's name being above his.  Lindsay was an accommodation maker, of which fact plaintiff had knowledge. An action being brought upon the note, defendant Lindsay defended, and a verdict was rendered in his favor by direction of the court.  The only question that need be considered is whether this direction was right.

The plaintiff testified that the note was not paid, stating the transaction claimed to have been a payment, substantially, as follows:

"McKenna came to my house April 29, 1887, and just laid the money upon the table, and said he wanted another year.  I told him I would let it go.  He picked the money up, and put it in his pocket.  I don't know how much money he had.  I did not count it.  I did not have my hands on it.  Then I gave him the note, and he indorsed the interest.  Then he paid me $12."

If this is a truthful version of the transaction, it did not amount to a payment, or a tender under circumstances which required the plaintiff to take it.  McKenna evidently did not want him to take it, and did not say he did.  It was far short of such an offer of payment as would have operated to discharge a mortgage collateral to the note.

The note was not due, and the plaintiff was under no obligations to take it, if tendered. It follows that this question should have gone to the jury.

The same is true of the other question in the case, if the claim that the surety was discharged by the extension is relied upon. Under the testimony of plaintiff, nothing was said about a consideration for the extension. He agreed to an extension when asked to do so, and the money on the table was taken and pocketed by defendant McKenna. Afterwards he paid the interest to that time, and the note was handed to him for its indorsement. The defendant's testimony is not in accord with this, but the plaintiff was entitled to have a jury determine which was true.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.